IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GORDON RAY SIMMONDS | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv393 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gordon Ray Simmonds, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be dismissed without prejudice as moot.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner challenges a prison disciplinary conviction which resulted in the loss of good conduct time credits. While this case was pending, he was released on parole. If Petitioner had been granted relief, he would have been entitled to have his good conduct time credits restored and be released from prison sooner. As Petitioner has already been released, the magistrate judge concluded petitioner had already received the relief which would have been available and that the petition was therefore moot.

In his objections, Petitioner states he is seeking more than the restoration of good conduct time credits. He also seeks to have the Court determine that his disciplinary conviction violated the Constitution. Petitioner states he needs to have his disciplinary conviction declared invalid in order to bring a civil rights lawsuit regarding the disciplinary conviction.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that in order to recover damages for allegedly unconstitutional actions whose unlawfulness would render the duration of a person's imprisonment invalid, a plaintiff must show that the proceeding which lengthened the duration of his confinement has been reversed on appeal, expunged by executive order or called into question by a federal court's issuance of a writ of habeas corpus.[1]  Thus, petitioner is correct in saying he may not pursue a civil rights action concerning his disciplinary conviction unless that conviction has been invalidated.  However, the fact petitioner "may need a favorable habeas decision invalidating his disciplinary conviction . . . in order to pursue a civil rights claims for damages is not sufficient to satisfy the case-or-controversy requirement" set forth in Article III of the Constitution.  *Watkins v. Vasquez*, 451 F. App'x 429, 430 (5th Cir. 2011) (citing *United States v. Clark*, 193 F.3d 845, 848 (5th Cir. 1999)).  As a result, the magistrate judge correctly concluded that this petition is moot.

## ORDER

Accordingly, Petitioner's objections [Dkt. 23] are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge [Dkt. 22] is ADOPTED.  A final judgment will be entered in accordance with the recommendation of the magistrate judge.

In addition, the Court is of the opinion Petitioner is not entitled to a certificate of appealability.  An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate

---

[1] The doctrine established in *Heck v. Humphrey* applies to prison disciplinary convictions.  *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998).

among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolve in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, Petitioner has not shown that the issue of whether his petition is moot is subject to debate among jurists of reason. The factual and legal questions raised by Petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 9th day of December, 2021.**

_____
Michael J. Truncale
United States District Judge